# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ION SOLAR LLC, a Delaware limited liability company; and SOLAR SALES LLC, a Utah limited liability company<br><br>      Plaintiffs,<br><br>v.<br><br>JORDAN MAYA, an individual; BRANDON SEIDEL, an individual; NOAH PADILLA, an individual; JOSIAH PADILLA, an individual; MICAH ORNELAS, an individual; ROBERT SPEARS, an individual; DEVON ANTHONY, an individual; and SAID SALMERON, an individual,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:24-cv-00037-RJS-JCB**<br><br>**Chief District Judge Robert J. Shelby**<br><br>**Magistrate Judge Jared C. Bennett** |

      Chief District Judge Robert J. Shelby referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendants Jordan Maya, Brandon Seidel, Noah Padilla, Josiah Padilla, Micah Ornelas, Robert Spears, Devon Anthony, and Said Salmeron's (collectively, "Defendants") motion for extension of time to file answer.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court grants Defendants' motion.

---

[1] ECF No. 6.

[2] ECF No. 19.

## BACKGROUND

Defendants removed this case to this court on January 16, 2024.[3] Defendant Brandon Seidel ("Mr. Seidel") filed a stipulated motion for extension of time to file answer[4] and the court extended Mr. Seidel's deadline to respond to the complaint twenty days after the date the last of the Defendants is served with process.[5] On January 25, 2024, the court authorized that service of process upon the remaining Defendants could be completed by email,[6] and, that same day, Plaintiffs Ion Solar, LLC and Solar Sales, LLC (collectively, "Plaintiffs") completed service in this manner.[7] Consequently, Mr. Seidel's deadline to respond to the complaint was February 14, 2024, and the remaining Defendants' deadline to respond to the complaint was February 15, 2024. However, neither Mr. Seidel nor the other Defendants filed a response to the complaint by their respective deadlines.

On February 26, 2024, Plaintiffs' counsel emailed Defendants' counsel indicating that no response had been filed and that Plaintiffs intended to seek default the next day.[8] In response, Defendants' counsel moved for another 20-day extension and provided reasons for the failure to timely respond to the complaint.[9] In their motion, Defendants ask the court to extend their deadline to respond to the complaint to March 18, 2024. Defendants contend that they were unable to comply with the response deadline because: (1) Defendants' counsel has been working

---

[3] ECF No. 1.
[4] ECF No. 4.
[5] ECF No. 8.
[6] ECF No. 9.
[7] ECF No. 18.
[8] ECF No. 21 at 2.
[9] ECF No. 19.

to satisfy several deadlines in unrelated matters; (2) Defendants' counsel assumed the caseload of an attorney on maternity leave, including assisting in the preparation of a defendant and 30(b)(6) witness for a deposition in Canada the day prior to Mr. Seidel's response deadline; and (3) Defendants' counsel believed they were waiting on a response from Plaintiffs' counsel regarding potential resolution of this case.[10] As a result of these issues, Defendants assert that they missed the deadline to respond to the complaint.[11]

Plaintiffs oppose Defendants' motion.[12] Specifically, Plaintiffs contend that Defendants' explanations for missing the deadline to respond to the complaint are inadequate to show "good cause" and "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B).

## ANALYSIS

Defendants filed their motion for an extension of time after the deadline to respond to the complaint had expired. Where, as here, Defendants seek to extend a deadline that has already passed, Rule 6(b)(1)(B) governs. That rule provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect."[13] Thus, a party seeking to extend time *after* a deadline has passed must show both "excusable neglect" *and* "good cause."

The United States Supreme Court has recognized that, under Rule 6(b), "excusable neglect" requires a court to take into account "all relevant circumstances surrounding the party's

---

[10] *Id.* at 2-3.

[11] *Id.* at 5.

[12] ECF No. 21.

[13] Fed. R. Civ. P. 6(b)(1)(B).

3

omission."[14] These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4) "whether the movant acted in good faith."[15]

But the United States Court of Appeals for the Tenth Circuit has stated that, under Rule 6(b), "'good cause' requires a greater showing than 'excusable neglect.'"[16] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[17] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[18]

Although this court is loath to question to Tenth Circuit's reasoning—given that any one of the judges thereon is more intelligent than this lowly judicial officer and because their decisions are binding—this court must admit that the above-mentioned Rule 6(b) approach makes little sense especially in the context of a late-filed answer to a complaint.

---

[14] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[15] *Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (citations omitted) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395); *see also Shifers*, 2018 WL 6620866, at *3 (providing that although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), . . . its analysis rested on the plain meaning of the terms . . . . Accordingly, the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b)."(citing multiple Tenth Circuit cases) (quotations and citations omitted)).

[16] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

[17] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (quotations and citation omitted).

[18] *Id.* at 701 (quotations and citation omitted).

By illustration, Fed. R. Civ. P. 55 governs the procedure for cases in which a defendant fails to answer or otherwise defend against a properly filed and served complaint. Rule 55 first requires the plaintiff to move the Clerk of Court under Fed. R. Civ. P. 55(a) for entry of default. After the Clerk enters default against the unresponsive defendant, the plaintiff must then move either the Clerk or the court for a default judgment.[19]

Relevant here is that Rule 55(c) also provides how the defendant may set aside both the Clerk's entry of default and the court's default judgment. If the Clerk enters a default, and the previously unresponsive defendant decides to finally participate by seeking set aside that entry of default, Fed. R. Civ. P. 55(c) allows the defendant to do so upon a showing "good cause." But if the defendant does not set aside the Clerk's entry of default, and the court (or the Clerk) enters a default judgment, Rule 55(c) requires the defendant to move to set aside that default judgment under Rule 60(b).[20] And Rule 60(b) allows the court to set aside that default judgment based on a showing of "excusable neglect."[21]

Although the standards (i.e., "good cause" and "excusable neglect") govern the relevant inquiries in both Rule 6(b) and Rule 55(c) (referencing Rule 60(b)), and although both Rules 6(b) and 55(c) deal with tardy filings, a dual showing of good cause *and* excusable neglect is not required to set aside either the Clerk's entry of default or a court's entry of default judgment. Additionally, whereas "excusable neglect" under Rule 6(b) imposes a lower burden than "good cause,"[22] the Tenth Circuit has said that under Rules 55(c) and 60(b), the "excusable neglect"

---

[19] Fed. R. Civ. P. 55(b).
[20] Fed. R. Civ. P. 55(c).
[21] Fed. R. Civ. P. 60(b)(1).
[22] *In re Kirkland*, 86 F.3d at 175; *Putnam*, 833 F.2d at 905.

standard to set aside a default judgment requires a greater showing than the "good cause" standard.[23]

This is confusing to this court for at least two reasons. First, even though Rules 6(b), 55(c), and 60(b) use the exact same terms of "good cause" and "excusable neglect," "good cause" imposes a higher standard than "excusable neglect" under Rule 6(b), but, under Rules 55(c) and 60(b), "good cause" is a lighter standard than "excusable neglect." But, second, the "excusable neglect" standard in both Rules 6(b) and 60(b) rely on the same four common factors.[24]

So, here is why all this matters for purposes of the instant motion. If, under Rule 6(b), Defendants can show excusable neglect but not good cause—recognizing that good cause requires a greater showing—then the court must deny the motion to extend the time to file the answer. With denial of the motion, Plaintiffs will seek an entry of default from the Clerk of Court and then move the court for entry of default judgment. And if the court were to enter a default judgment, Defendants could successfully set it aside by showing only "excusable neglect" even though that standard requires the same showing under both Rules 6(b) and 60(b). In other words, showing "excusable neglect," by itself, is not enough under Rule 6(b) to obtain an extension of time to file a late answer, but it is enough, by itself, to get out from under a default judgment

---

[23] *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) ("[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b).").

[24] *Compare Shifers*, 2018 WL 6620866, at *3 *and Jennings v. Rivers*, 394 F.3d. 850, 856 (10th Cir. 2005).

under Rules 55(c) and 60(b) that was precipitated by precisely the same failure to timely answer the complaint.

This seems backwards. It makes little sense in terms of "secur[ing] the just, speedy, and inexpensive determination"[25] of this action to deny Defendants' motion for extension of time where they can show excusable neglect but not good cause under Rule 6(b), only to have: (1) Plaintiffs move for entry of default, (2) the Clerk enter the default, (3) Plaintiffs move for default judgment, (4) the court enter default judgment, (5) Defendants move to set aside the default judgment under Rule 60(b) arguing excusable neglect, (6) Plaintiffs oppose Defendants' motion, and (7) the court ultimately grant the motion based on Defendants' same showing of excusable neglect for which they originally moved for an extension of time under Rule 6(b)(1)(B). Putting Plaintiffs, Defendants, and the court through this process to get to the same finding of excusable neglect does not punish only Defendants for missing a deadline; it unnecessarily punishes the parties, the court, and the public for no reason. Consequently, if Defendants can meet the "excusable neglect" standard under Rule 60(b), that should be good enough to obtain an extension of time to file a tardy answer under Rule 6(b)(1)(B).[26]

---

[25] Fed. R. Civ. P. 1.

[26] Defendants could also move to set aside the Clerk's entry of default upon a showing of good cause. Fed. R. Civ. P. 55(c). The principal factors for setting aside a Clerk's entry of default include: "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, No. 94-3054, 65 F.3d 178, at *3 (10th Cir. 1995). For purposes of the first factor (i.e., culpable conduct), "a defendant's conduct is considered culpable if he has defaulted willingly or has no excuse for the default." *Id.* For the reasons stated in text below, Defendants' excuse for failing to timely file an answer would meet Rule 55(c)'s good cause standard too.

Defendants meet the excusable neglect standard under Rule 60(b). Because courts prefer to resolve cases on the merits instead of technicalities,[27] even under Rule 60(b)'s "excusable neglect" standard, the court must resolve "all doubts in favor of the party seeking relief."[28] "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which failure to comply with a . . . deadline is attributable to negligence."[29] More generally, "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to esp[ecially] through carelessness.' The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness."[30] Determining whether the defendant's neglect is excusable, "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[31] Relevant factors for determining excusable neglect include: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; (4) "whether the movant acted in good faith";[32] (5) "whether the moving party's underlying claim is meritorious"; and (6) "whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay)"; and (7) "whether the

---

[27] *Herbert*, 678 F. App'x at 700.

[28] *Jennings*, 394 F.3d. at 856.

[29] *Pioneer Inv. Servs. Co.*, 507 U.S. at 394.

[30] *Jennings*, 394 F.3d at 856.

[31] *Id.*

[32] *Shifers*, 2018 WL 6620866, at *3 (quoting *Pioneer Inv. Servs. Co.* 507 U.S. at 395).

attorney attempted to correct his action promptly after discovering the mistake" of missing the filing deadline.[33] Each factor is addressed in order below.

      First, extending the response deadline would not prejudice Plaintiffs. Plaintiffs do not identify any prejudice that would result from granting an extension, and the court cannot see how any such prejudice would accrue by extending the response deadline while this case is only in its infancy.

      Second, the length of the delay will not adversely impact judicial proceedings. Defendants' requested extension is minimal, and granting the extension will not have a negative effect on the court or its processes. To the contrary, denying the extension would not only be counter to the judicial principle of resolving cases on the merits rather than on technical grounds but it would set off a chain of events that would eventually land the parties and the court in the exact same procedural spot they are now after needless expense in terms of time and money.

      Third, Defendants' motion and reply provide an adequate reason for missing the response deadline. Specifically, Defendants first became aware that counsels' staff miscalculated the response deadline when Defendants received an email from Plaintiffs on February 26, 2024.[34] Since January 29, 2024, Defendants believed they were awaiting a response from Plaintiffs regarding settlement, and had turned their attention to immovable and emergency deadlines in other matters.[35] This included assisting in the preparation of a defendant and 30(b)(6) witness for a deposition in Canada the day prior to Mr. Seidel's answer deadline.[36] Although the

---

[33] *Jennings*, 394 F.3d at 856-57.

[34] ECF No. 19 at 5.

[35] *Id.* at 2.

[36] *Id.* at 4.

responsibility falls on Defendants—not Plaintiffs—to calculate the correct response deadline, it was not until Plaintiffs emailed Defendants on February 26, 2024, that Defendants realized that they had missed this deadline while attending to other matters. Taken together, the court is satisfied that Defendants have provided adequate explanation for negligently calendaring and missing the response deadline.

Fourth, the court considers whether Defendants have acted in good faith. The court sees no evidence of bad faith on Defendants' part, and Plaintiffs does not argue otherwise.

Fifth, Defendants appear to have a non-frivolous defense.[37]

Sixth, Defendants' request is not part of a pattern of delay but appears to be an isolated incident.[38] Finally, upon learning about the missed deadline from opposing counsel's thoughtful and professional inquiry, Defendants' counsel quickly moved for an extension of time and promptly filed an answer.[39]

In sum, all these factors militate in favor of finding excusable neglect under the more stringent Rule 60(b) standards. And, as discussed above, if these grounds suffice for excusable neglect under Rule 60(b), then they should be enough to satisfy that same excusable neglect standard under Rule 6(b) in order to comply with the ends of Fed. R. Civ. P. 1 and the logical administration of justice.

---

[37] ECF No. 24 at 21-24.

[38] *Jennings*, 394 F.3d at 857 (considering excusable neglect under Fed. R. Civ. P. 60(b)(1) and providing that "[a] court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay)"); *see also Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (concluding that the district court did not abuse its discretion when it determined that a party had not established excusable neglect under Rule 6(b)(1)(B) and noting that "[h]ad counsel's error been isolated, our decision might be different").

[39] ECF No. 24.

**ORDER**

Based upon the foregoing analysis, IT IS HEREBY ORDERED that Defendants' motion for extension of time to file answer[40] is GRANTED.

IT IS SO ORDERED.

DATED this 4th day of March 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[40] ECF No. 19.